OPINION of the Court, by
Ch. J. Boyle.
— This was an action of debt brought by George Wallace, surviving executor oLHenry Reed deceased, against John Harrison, upon a bond bearing date the 20th of March, 1794,^ and payable the 20th of March 1799. Harrison pleaded to the action in substance that the bond was executed for and in consideration of a contract made by sa*^ Wallace with said Harrison, that he an,d hss co-executor would convey to Harrison, by deed with general warranty, a certain lot in the town of Louisville, within tw0 years from the date of said contract ; that said Wallace, at the time of executing the bond aforesaid, by his deed bearing the same date covenanted for him-se^ and his executor, that no payment for said lot (other than £. 10© in hand paid) should be requited on the said bond, and others in said deed of covenant memioned, until a full and sufficient deed in the law *447 for said lot should be made by said executor to said Harrison ; and he farther avers that no such deed has been made, although the said executors have been often required to make the same. To this plea there was a general demurrer, upon which judgment was given for the defendant, and to reverse that judgment this writ of .error is
B’s. remedy 1* covenant, :
The only question is whether the circuit court erred in Overruling the demurrer to the plea. This question depends essentially upon the effect the covenant not to require payment until the deed was made for the lot, ought to have upon the right ot the plaintiff to mam-tain an action upon the bond, without having first made or tendered a conveyance of the lot. A simple demand, without suit, might be considered perhaps a breach of the letter of the covenant,but it is not probable that it was the intention of the parties to guard against a demand of that sort. It is more rational to construe the covenant to protect the obligor in the bond against a request by suit. Thus considered, the covenant is to all intents and purposes a covenant not to sue. The operation of such a covenant seems to be well settled. When the obligee covenants never to sue the obligor, tire covenant will be construed to be arelease, and may be so pleaded to an action brought upon the bond ; but if the obligee covenants not to sue the obligor for a certain time, the covenant does not amount to a release or defeasance, nor can it be pleaded as such, but it is a covenant only for the breach of which the obligor may bring his action — 2 Salk. 575, 12 Mod. 552, 2 Saund. 48, note 1, Ib. 150, note 2. This distinction between a covenant not to sue at all, and a covenant not to sue for a limited time, is founded in reason and good sense. The covenant in neither case is a release in its nature, ñoras a covenant is it a bar to the action ; but in the former case, as the obligor would be entitled to recover for a breach of the covenant precisely the same amount which he was compelled to pay upon the bond, the covenant is construed to be a release for the purpose of avoiding circuity of action. But in the latter case, as the recovery for a breach of the covenant must be less than the amount of the bond, it would neither accord with the intention of the parties nor the principles of justice to construe the covenant to be a release j *448 for jf ⅛6 covenant in such case were to be construed into a release, the obligee coul|l never sue upon the bond, as a release of his right for ode moment would extinguish it forever — Co. Lit. 274. The covenant therefore is left to its operation according to its import as a covenant only upon which the obligor may have his action, but cannot plead it in bar to the action upon the bond.
An attempt was made in the argument to distinguish a covenant not to sue for a limited time, from one not to sue until some precedent act was done by the obli-gee. But we cannot perceive any principle upon which such a distinction can be founded, nor have we been able to find any case to warrant it. The covenant can operate as a release or defeasance in neither case but by construction, and such a construction would be as unjust in the one as in the other.
There was also an endeavor to support the plea in this case by the act of 180Í, which authorises the defendant in an action upon a writing under seal, to impeach or go into its consideration by special plea. But that act has been decided to apply to those cases only where there is a vitious, or such a total failure of consideration as would authorise a recoveryof ..... money back, if it had been paid (a). There is no vice alleged in the consideration in this case, nor is there such a failure of the consideration as to render the Contract void. The law is therefore inapplicable. From the view we have taken of the subject it follows that the plea was insufficient, and consequently that the circuit court erred in overruling the demurrer to it. the
The judgment must be reversed, and the cause remanded for further proceedings therein not inconsistent with the foregoing opinion.

 Peebles vs. Stephens, vol. 1, 502.